IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| QUENTIN WAGNER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:06-CV-730-MHT |
| | ) | [WO] |
| | ) | |
| D. T. MARSHALL, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This is a 42 U.S.C. § 1983 action in which Quentin Wagner ["Wagner], an inmate confined in the Montgomery County Detention Facility, challenges the constitutionality of the Alabama Community Notification Act, *Ala. Code* 1975 § 15-20-20 et seq. (1975, as amended) ["the Act"]. Specifically, Wagner requests that the Act "be declared unconstitutional" or "a provision be added to the . . . Act that set[s] out how Wagner is to be notified how to register" upon his release from prison. *Plaintiff's Complaint* at 4.

Upon review of the complaint, the court concludes that dismissal of this case prior to service of process is proper under 28 U.S.C. § 1915(e)(2)(B)(ii).[1]

**DISCUSSION**

---

[1] 1. A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

The claims presented by Wagner arise from possible future application of the Alabama Community Notification Act and, therefore, are not ripe for adjudication. *Kirby v. Siegelman*, 195 F.3d 1285, 1289-90 (11th Cir. 1999).

> As part of the "case or controversy" requirement of Article III, a party must suffer injury or come into immediate danger of suffering an injury before challenging a statute. *See O'Shea v. Littleton*, 414 U.S. 488, 494, 94 S.Ct. 669, 38 L.Ed.2d 674 (1974). Essentially, the ripeness requirement "prevent[s] the courts, through the avoidance of premature adjudication, from entangling themselves in abstract disagreements." *Abbott Laboratories v. Gardner*, 387 U.S. 136, 148, 87 S.Ct. 1507, 18 L.Ed.2d 681 (1967). The ripeness requirement prevents courts from interfering with legislative enactments before it is necessary to do so, and enhances judicial decision-making by ensuring that cases present courts with an adequate record for effective review. *Id.* Ripeness requires the weighing of two factors: (1) the hardship to the parties of withholding court consideration; and (2) the fitness of the issues for judicial review. *Id.* at 139, 87 S.Ct. 1507.
>
> In *Artway v. Attorney General of State of N.J.,* 81 F.3d 1235 (3rd Cir. 1996), the Third Circuit thoroughly examined the ripeness requirement as applied to New Jersey's community notification law. *Artway* involved a convicted sex offender who sought an injunction against the enforcement of a New Jersey statute requiring certain convicted sex offenders to register with local law enforcement officials. Additionally, the statute provided for community notification upon the release of certain sex offenders. The district court upheld the registration component of the statute, but enjoined enforcement of the community notification provision. On appeal, the Third Circuit held that the challenge to the notification aspects of the statute was not ripe. We agree with the reasoning of the Third Circuit....

195 F.3d at 1290.

Because Wagner is not scheduled for release from confinement at this time, he has failed to set forth a claim which demonstrates that he has suffered an injury from the Alabama Community Notification Act. Based on the foregoing, the court concludes that the instant complaint is subject to summary dismissal in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(ii).

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed without prejudice pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii).

It is further

ORDERED that on or before September 5, 2006 the parties may file objections to this Recommendation. Any objections filed must clearly identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the

District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE, this 23rd day of August, 2006.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
UNITED STATES MAGISTRATE JUDGE

UNITED STATES MAGISTRATE JUDGE